# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EUGENE FANFAN,**

      **Plaintiff,**

**v.**                                       **Case No:**

**PENTAGON FEDERAL
CREDIT UNION**,

                                    **DEMAND FOR JURY TRIAL**

      **Defendant.**

_____/

## PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

      **COMES NOW**, Plaintiff, **EUGENE FANFAN** ("Mr. FanFan" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **PENTAGON FEDERAL CREDIT UNION** ("Defendant"), and in support thereof states as follows:

### *Introduction*

      1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et. seq.* ("EFTA"), in attempting to collect such alleged Debt by charging Mr. FanFan's bank account without his authorization while having actual knowledge that Mr. FanFan had filed for Chapter 7 Bankruptcy relief and that the alleged Debt was included in Mr. FanFan's Bankruptcy Case, which can reasonably be expected to harass Mr. FanFan.

***Jurisdiction and Venue***

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

***Parties***

4.      Plaintiff, Mr. FanFan, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough  County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of VA and its registered agent, Perry F. Odom, located at 305 South Gadsden Street, Tallahassee, FL 32301.

***Statements of Fact***

6.      Under information and belief, Mr. FanFan opened a personal credit card with Defendant in Mr. FanFan's name that was assigned a unique account number ("Account").

7.      Sometime thereafter, Mr. FanFan encountered financial difficulties and fell behind on his payments towards the Account and incurred an alleged outstanding balance owed thereunder ("Debt").

8.      On July 19, 2018, Mr. FanFan filed a petition for Chapter 7 Bankruptcy relief ("Mr. FanFan's Bankruptcy Case"); see Middle District of Florida Case Number 8:18-bk-05988-RCT. *See* **Exhibit A**.

9.      Mr. FanFan included the Account and the Debt in his Bankruptcy Case petition.  *See* **Exhibit A**.

10.      On July 20, 2018, Defendant was notified of Mr. FanFan's Bankruptcy Case. **See Exhibit B**.

11.      Shortly thereafter, Defendant closed Mr. FanFan's Account because of the Bankruptcy Case.

12.      Despite knowing that Mr. FanFan filed for bankruptcy and included the Account and Debt in his Bankruptcy Case petition, on August 2, 2018, Defendant charged Mr. FanFan's personal bank account ("Mr. FanFan's Bank Account") in the amount of $73.00 without Mr. FanFan's authorization.

13.      Again, despite knowing that Mr. FanFan filed for bankruptcy and included the Account and Debt in his Bankruptcy Case petition, on October 3, 2018, Defendant charged Mr. FanFan's Bank Account in the amount of $153.00 without Mr. FanFan's authorization.

14.      On October 23, 2018, Mr. FanFan was granted a discharge in the bankruptcy case ("Discharge Order").  *See* **Exhibit C.**

15.      Defendant received notice of Mr. FanFan's Discharge Order by the Bankruptcy Noticing Center Electronic Transmission.

16.     Despite knowing that Mr. FanFan filed bankruptcy and included the Account and Debt in his Bankruptcy Case petition, on November 2, 2018, Defendant charged Mr. FanFan's Bank Account in the amount of $74.00 without Mr. FanFan's authorization.

17.     All of Defendant's charges to Mr. FanFan's Bank Account were placed in an attempt to collect the Debt.

18.     Defendant has harassed Mr. FanFan by withdrawing $300 from Mr. FanFan's bank account when Defendant knew that Mr. FanFan was protected by the bankruptcy and stay pursuant to 11 U.S.C. § 362.

19.     Defendant has harassed Mr. FanFan by withdrawing $74 from Mr. FanFan's bank account when Defendant knew that Mr. FanFan had been granted a Chapter 7 Discharge on October 25, 2018.

### *Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

20.     Mr. FanFan re-alleges paragraphs 1-19 and incorporates the same herein by reference.

21.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated Fla. Stat. § 559.72(7), by charging Mr. FanFan's Bank Account in connection with collection of the Debt without his authorization, which can reasonably be expected to harass Mr. FanFan when Defendant knew

the Debt had been discharged pursuant to the automatic stay and Discharge Order.

b. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect the Debt by charging Mr. FanFan's Bank Account without his authorization when Defendant knew no such legal right existed pursuant to the automatic stay and Discharge Order.

c. Defendant violated Fla. Stat. § 559.72(9) by falsely representing the legal status of the Debt as collectible by charging Mr. FanFan's bank account without his authorization when Defendant knew about Mr. FanFan's Bankruptcy Case discharge.

22. Defendant's actions have violated the 11 USC § 362 and Discharge Order.

23. As a result of the above violations of the FCCPA, Mr. FanFan has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

24. Defendant's actions have damaged Mr. FanFan by causing him anxiety.

25. Defendant's actions have damaged Mr. FanFan by causing him stress.

26. Defendant's actions have damaged Mr. FanFan by causing him to lose sleep.

27. Defendant's actions have damaged Mr. FanFan by causing him annoyance.

28.     Defendant's actions have damaged Mr. FanFan by causing him aggravation.

29.     It has been necessary for Mr. FanFan to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

30.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

      b.   Awarding actual damages;

      c.   Awarding punitive damages;

      d.   Awarding costs and attorneys' fees;

      e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

      f.   Any other and further relief as this Court deems just and equitable.

### _Count 2: Violation of the Electronic Funds Transfer Act ("EFTA")_

31.     Plaintiff re-alleges paragraphs 1-19 and incorporates the same herein by reference.

32.     Defendant violated the EFTA. Defendant's violations include, but are not limited to, the following:

      a.   Defendant violated 15 U.S.C. § 1693e(a) by initiating three electronic fund transfers out of Mr. FanFan's Bank Account without Mr. FanFan's authorization.

33.    As a result of the above violations of the EFTA, Mr. FanFan has been subjected to illegal electronic fund transfers for which he has been damaged.

34.    Defendant's actions have damaged Mr. FanFan by causing him anxiety.

35.    Defendant's actions have damaged Mr. FanFan by causing him stress.

36.    Defendant's actions have damaged Mr. FanFan by causing him to lose sleep.

37.    Defendant's actions have damaged Mr. FanFan by causing him annoyance.

38.    Defendant's actions have damaged Mr. FanFan by causing him aggravation.

39.    It has been necessary for Mr. FanFan to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

40.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a.   Awarding statutory damages as provided by 15 U.S.C. § 1693m(a)(2)(A);

b. Awarding actual damages in the amount equal to the unauthorized amounts directly withdrawn from Plaintiffs' personal bank account as provided by 15 U.S.C. § 1693m (a)(1);

c. Awarding costs and attorneys' fees as provided by 15 U.S.C. § 1693m (a)(3);

d. Ordering an injunction preventing further violations by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Eugene FanFan, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 27, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff